1  TOWNSEND AND TOWNSEND AND CREW LLP
   GREGORY S. GILCHRIST (State Bar No. 111536)
2  GIA L. CINCONE (State Bar No. 141668)
   HOLLY GAUDREAU (State Bar No. 209114)
3  Two Embarcadero Center, 8th Floor
   San Francisco, California 94111
4  Telephone: (415) 576-0200
   Facsimile: (415) 576-0300
5  gsgilchrist@townsend.com; glcincone@townsend.com
   hgaudreau@townsend.com
6
   Attorneys for Plaintiff
7  LEVI STRAUSS & CO.

8                    UNITED STATES DISTRICT COURT

9           FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                   SAN FRANCISCO DIVISION

11 LEVI STRAUSS & CO.,                     Case No. _____

12                  Plaintiff,             **COMPLAINT FOR FEDERAL
                                           TRADEMARK INFRINGEMENT;**
13          v.                             **UNFAIR COMPETITION;
                                           DILUTION; CALIFORNIA**
14 WICKED FASHIONS, INC., a New York       **DILUTION AND TRADEMARK**
   corporation,                            **INFRINGEMENT; AND  UNFAIR**
15                                         **COMPETITION (INJUNCTIVE**
                    Defendant.             **RELIEF SOUGHT)**
16
                                           **JURY TRIAL DEMAND**
17

18
        Plaintiff Levi Strauss & Co. ("LS&CO.") complains against Defendant Wicked Fashions, Inc.
19
   ("Wicked Fashion") as follows:
20
                **JURISDICTION, VENUE AND INTRA-DISTRICT ASSIGNMENT**
21
        1.      Plaintiff's first, second and third claims arise under the Trademark Act of 1946 (the
22
   Lanham Act), as amended by the Federal Trademark Dilution Act of 1995 (15 U.S.C. §§ 1051, et
23
   seq.).  This Court has jurisdiction over such claims pursuant to 28 U.S.C. §§ 1338(a) and 1338(b)
24
   (trademark and unfair competition), 28 U.S.C. § 1331 (federal question) and 15 U.S.C. § 1121
25
   (Lanham Act).  This Court has supplemental jurisdiction over the remaining state law claims under 28
26
   U.S.C. § 1367.
27
        2.      Venue is proper in this Court under 28 U.S.C. § 1391(b) because Wicked Fashions
28

                                          - 1 -

COMPLAINT                                      Levi Strauss & Co. v. Wicked Fashions, Inc.
                                                                      Case No. _____

1  transacts affairs in this district and a substantial part of the events giving rise to the claims asserted

2  herein arose in this district.

3       3.     Intra-district assignment to any division of the Northern District is proper under Local

4  Rule 3-2(c) and the Assignment Plan of this Court as an "Intellectual Property Action."

5                      **PARTIES**

6       4.     LS&CO. is a Delaware corporation which has its principal place of business at Levi's

7  Plaza, 1155 Battery Street, San Francisco, California 94111.  Since approximately 1850, LS&CO. has

8  manufactured, marketed and sold a variety of clothing products, including its traditional denim blue

9  jean products.

10       5.     LS&CO. is informed and believes that defendant Wicked Fashions is a New York

11  corporation with its principal place of business at 140 Kero Road, Carlstadt, New Jersey.  Wicked

12  Fashion distributes, produces or manufactures or has distributed, produced or manufactured jeans

13  under the brand name "Southpole" which are offered for sale or sold in this judicial district and

14  throughout the world, including North America.  LS&CO. is informed and believes that Wicked

15  Fashions has authorized, directed, and/or actively participated in the wrongful conduct alleged herein.

16          **FACTS AND ALLEGATIONS COMMON TO ALL CLAIMS**

17  **LS&CO.'s Use Of Its Trademarks**

18       6.     For many years prior to the events giving rise to this Complaint and continuing to the

19  present, LS&CO. annually has spent great amounts of time, money, and effort advertising and

20  promoting its products.  Each year, LS&CO. has sold tens of millions of apparel products, primarily

21  denim jeans, all over the world, including North America and California.  Through this investment,

22  LS&CO. has created considerable good will and a reputation for quality products.  LS&CO. marks its

23  Levi's® jeans products with a set of trademarks that are famous around the world.  LS&CO.

24  continuously has used these trademarks, some for well over a century.

25       7.     Most of LS&CO.'s trademarks are federally registered; all are in full force and effect,

26  and exclusively owned by LS&CO.  LS&CO. continuously has used each of its trademarks, from the

27  registration date or earlier, until the present and during all time periods relevant to LS&CO.'s claims.

28

- 2 -

**LS&CO.'s Arcuate Stitching Design and Tab Device Trademarks**

8.    Among its marks, LS&CO. owns the famous Arcuate Stitching Design Trademark (hereinafter the "Arcuate Trademark"), which consists of a distinctive pocket stitching design that is the oldest known apparel trademark in the United States.  LS&CO. has used the Arcuate Trademark continuously since 1873 in interstate commerce on clothing products.  LS&CO. first used the Arcuate Trademark on jeans and later used it on trousers, pants, shorts and skirts.  The Arcuate Trademark is famous and is recognized around the world and throughout North America by consumers as signifying a high quality LEVI'S ® jean, pant, short, skirt or shirt.

9.    LS&CO. also owns the famous Tab Device Trademark (hereinafter the "Tab Trademark"), which consists of a small marker of textile or other material sewn into one of the regular structural seams of the garment.  LS&CO. has used the Tab Trademark continuously since 1936 in interstate commerce on clothing products.

10.    LS&CO. first began to display the Tab Trademark on the rear pocket of its pants in 1936 when LS&CO.'s then National Sales Manager, Leo Christopher Lucier, proposed placing a folded cloth ribbon in the structural seams of the rear pocket.  The purpose of this "tab" was to provide "sight identification" of LS&CO.'s products.  Given the distinctiveness of the Tab Trademark, Mr. Lucier noted that "no other maker of overalls can have any other purpose in putting a colored tab on an outside patch pocket, unless for the express and sole purpose of copying our mark, and confusing the customer."

11.    Examples of LS&CO.'s use of the Arcuate and Tab Trademarks on LEVI'S® jeans are attached as Exhibit A.

12.    LS&CO. owns, among others, the following United States and California Registrations for its Arcuate and Tab Device Trademarks, attached as Exhibit B:

    a.    Registration No. 1,139,254 (first used as early as 1873; registered September 2, 1980);

    b.    Registration No. 404,248 (first used as early as 1873; registered November 16, 1943).

COMPLAINT                                                    Levi Strauss & Co. v. Wicked Fashions, Inc..
                                                                          Case No. _____

1          c.      Registration No. 088399 (first used as early as 1873; registered August 24,

2   1988).

3          d.      Registration No. 356,701 (first used as early as September 1, 1936; registered

4   May 10, 1938);

5          e.      Registration No. 516,561 (first used as early as September 1, 1936; registered

6   October 18, 1949);

7          f.      Registration No. 577,490 (first used as early as September 1, 1936; registered

8   July 21, 1953);

9          g.      Registration No. 720,376 (first used as early as October 9, 1957; registered

10   August 22, 1961);

11          h.      Registration No. 774,625 (first used as early as May 22, 1963; registered

12   August 4, 1964);

13          i.      Registration No. 775,412 (first used as early as October 9, 1957; registered

14   August 18, 1964); and

15          j.      Registration No. 1,157,769 (first used as early as September 1, 1936; registered

16   June 16, 1961).

17   The above United States registrations have become incontestable under the provisions of 15 U.S.C. §

18   1065.

19          k.      Registration No. 2,791,156 (first used as early as September 1, 1936; registered

20   December 9, 2003)

21          l.      Registration No. 2,794,649 (first used as early as 1873; registered December 16,

22   2003.)

23   **Wicked Fashions' Infringement of LS&CO.'s Trademarks**

24          13.     Beginning at some time in the past and continuing until the present, Wicked Fashions,

25   with actual knowledge of LS&CO.'s federal registered trademarks, has manufactured or arranged for

26   the manufacture for offer or sale, produced, designed, promoted and sold clothing, including denim

27   jeans, that infringe and dilute LS&CO.'s Tab and Arcuate Trademarks (hereinafter the "infringing

28   products").

- 4 -

14.     LS&CO.'s Arcuate Trademark was the subject of a prior dispute between LS&CO. and Wicked Fashions with respect to Southpole brand jeans. Specifically, LS&CO. objected to Wicked Fashions' use of a stitching design under the Southpole label that infringed the Arcuate Trademark. By letter dated October 6, 2004, Wicked Fashions represented that it had ceased using the infringing stitching. Based on that representation, LS&CO. did not take further action against Wicked Fashions at the time, but expressly reserved its rights to challenges any stitching or other designs violating LS&CO.'s trademarks in the future. Wicked Fashions is thus well acquainted with LS&CO.'s Arcuate Trademark.

15.     LS&CO.'s Tab Trademark was also the subject of a prior dispute between LS&CO. and Wicked Fashions with respect to Southpole brand jeans. Specifically, LS&CO. objected to Wicked Fashion's use of tabs that infringed the Tab Trademark. LS&CO. filed a complaint against Wicked Fashions in United States District Court for the Northern District of California, alleging claims for trademark infringement, dilution, and unfair competition under federal and California law. By settlement agreement dated March 19, 2003, Wicked Fashions agreed to stop using the tabs and any other tab substantially similar to those infringing tabs. Wicked Fashions is thus well acquainted with LS&CO.'s Tab Trademark.

16.     LS&CO. is informed and believes that Wicked Fashions produces, manufactures, sources, markets, designs, offers and/or sells jeans throughout the world, including North America, that display tabs on the rear pockets that are confusingly similar to LS&CO.'s Tab Trademark. These infringing products, including but not limited to the examples illustrated in Exhibit C, are referred to hereinafter as the "Southpole tabs." The Southpole tabs, as used by Wicked Fashions, are confusingly similar to LS&CO.'s Tab Trademark.

17.     LS&CO. is informed and believes that Wicked Fashions produces, manufactures, sources, markets, designs, offers and/or sells jeans throughout the world, including North America, that display stitching on the rear pockets that are confusingly similar to LS&CO.'s Arcuate Trademark. These infringing products, including but not limited to the examples illustrated in Exhibit D, are referred to hereinafter as the "Southpole stitching." The Southpole stitching, as used by Wicked Fashions, is confusingly similar to LS&CO.'s Arcuate Trademark.

- 5 -

COMPLAINT                                          Levi Strauss & Co. v. Wicked Fashions, Inc..
                                                   Case No. _____

1    18.    LS&CO. is informed and believes that Wicked Fashions has produced, manufactured,

2    designed, marketed, offered for sale and sold substantial quantities of the infringing products, and

3    obtained and continues to obtain substantial profits from such sales.

4    19.    Wicked Fashions' actions have caused and will cause LS&CO. irreparable harm for

5    which money damages and other remedies are inadequate.  Unless Wicked Fashions is restrained by

6    this Court, Wicked Fashions will continue and/or expand the illegal activities alleged in this

7    Complaint and otherwise continue to cause great and irreparable damage and injury to LS&CO.

8    through, *inter alia*:

9    a.    Depriving LS&CO. of its statutory rights to use and control use of its

10    trademarks;

11    b.    Creating a likelihood of confusion, mistake and deception among consumers

12    and the trade as to the source of the infringing products;

13    c.    Causing the public falsely to associate LS&CO. with Wicked Fashions or vice

14    versa;

15    d.    Causing incalculable and irreparable damage to LS&CO.'s goodwill and

16    diluting the capacity of its Tab Trademark and Arcuate Trademark to differentiate LEVI'S® from

17    others; and

18    e.    Causing LS&CO. to lose sales of its genuine clothing products.

19    20.    Accordingly, in addition to other relief sought, LS&CO. is entitled to preliminary and

20    permanent injunctive relief against Wicked Fashions and against all persons acting in concert with it.

21

22    **FIRST CLAIM**
**FEDERAL TRADEMARK INFRINGEMENT**
23    **(15 U.S.C. §§ 1114-1117; Lanham Act § 32)**

24    21.    LS&CO. realleges and incorporates by reference each of the allegations contained in

25    paragraphs 1 through 20 of this Complaint.

26    22.    Without LS&CO.'s consent, Wicked Fashions has used, in connection with the sale,

27    offering for sale, distribution or advertising of Wicked Fashions' goods, designs that infringe upon

28    LS&CO.'s registered Arcuate and Tab Trademarks, including without limitation the designs depicted

- 6 -

1    in Exhibits C and D hereto.

2        23.     These acts of trademark infringement have been committed with the intent to cause

3    confusion, mistake, or deception, and are in violation of 15 U.S.C. § 1114.

4        24.     As a direct and proximate result of Wicked Fashions' infringing activities, LS&CO. has

5    suffered substantial damage and is entitled to injunctive relief under 15 U.S.C. § 1116 (a).

6        25.     Wicked Fashions' infringement of LS&CO.'s trademarks as alleged herein is an

7    exceptional case and was intentional, entitling LS&CO. to treble its actual damages and to an award of

8    attorneys' fees under 15 U.S.C. §§ 1117(a) and 1117(b).

9

10                         **SECOND CLAIM**

11            **FEDERAL UNFAIR COMPETITION**
        **(False Designation of Origin and False Description)**

12               **(15 U.S.C. § 1125; Lanham Act § 43(a))**

13        26.     LS&CO. realleges and incorporates by reference each of the allegations contained in

14    paragraphs 1 through 25 of this Complaint.

15        27.     Wicked Fashions' conduct constitutes the use of words, terms, names, symbols or

16    devices tending falsely to describe the infringing products, within the meaning of 15 U.S.C. §

17    1125(a)(1). Wicked Fashions' conduct is likely to cause confusion, mistake, or deception by or in the

18    public as to the affiliation, connection, association, origin, sponsorship or approval of the infringing

19    products to the detriment of LS&CO. and in violation of 15 U.S.C. § 1125(a)(1).

20

21                         **THIRD CLAIM**

22       **FEDERAL DILUTION OF FAMOUS MARKS**
           **(Federal Trademark Dilution Act of 1995)**
           **(15 U.S.C. § 1125(c); Lanham Act § 43(a))**

23

24        28.     LS&CO. realleges and incorporates by reference each of the allegations contained in

25    paragraphs 1 through 27 of this Complaint.

26        29.     LS&CO.'s Arcuate and Tab Trademarks are distinctive and famous within the meaning

27    of the Federal Trademark Dilution Act of 1995, 15 U.S.C. § 1125(c).

28        30.     Wicked Fashions' activities as alleged herein constitute dilution of the distinctive

COMPLAINT                                Levi Strauss & Co. v. Wicked Fashions, Inc..
                                                            Case No. _____

1   quality of LS&CO.'s trademarks in violation of the Federal Trademark Dilution Act of 1995, 15

2   U.S.C. § 1125(c).

3       31.     LS&CO. is entitled to injunctive relief pursuant to 15 U.S.C. § 1125(c).

4       32.     Because Wicked Fashions willfully intended to trade on LS&CO.'s reputation or to

5   cause dilution of LS&CO.'s famous trademarks, LS&CO. is entitled to damages, extraordinary

6   damages, fees and costs pursuant to 15 U.S.C. § 1125(c)(2).

7                          **FOURTH CLAIM**
        **CALIFORNIA DILUTION AND TRADEMARK INFRINGEMENT**
8            **(Cal. Bus. & Prof. Code §§ 14320, 14330, 14335, 14340)**

9       33.     LS&CO. realleges and incorporates by reference each of the allegations contained in

10  paragraphs 1 through 32 of this Complaint.

11      34.     Wicked Fashions' intentional and blatant infringement of LS&CO.'s federal and state

12  registered trademarks constitutes infringement and dilution under California Business & Professions

13  Code §§ 14320, 14330, and 14335.

14      35.     Wicked Fashions infringed LS&CO.'s Arcuate and Tab Trademarks with knowledge

15  and intent to cause confusion, mistake or deception.

16      36.     Wicked Fashions' conduct is aggravated by that kind of willfulness, wantonness and

17  conscious indifference to the rights and welfare of LS&CO. for which California law allows the

18  imposition of exemplary damages.

19      37.     Pursuant to California Business & Professions Code § 14340, LS&CO. is entitled to

20  injunctive relief and damages in the amount of three times Wicked Fashions' profits and three times all

21  damages suffered by LS&CO. by reason of Wicked Fashions' manufacture, use, display or sale of

22  infringing goods.

23                          **FIFTH CLAIM**
        **CALIFORNIA UNFAIR COMPETITION**
24            **(Cal. Bus. & Prof. Code § 17200)**

25      38.     LS&CO. realleges and incorporates by reference each of the allegations contained in

26  paragraphs 1 through 37 of this Complaint.

27      39.     Wicked Fashions' infringement of LS&CO.'s Arcuate and Tab Trademarks constitute

28  "unlawful, unfair or fraudulent business act[s] or practice[s] and unfair, deceptive, untrue or

COMPLAINT                                          Levi Strauss & Co. v. Wicked Fashions, Inc..
                                                   Case No. _____

1    misleading advertising" within the meaning of California Business & Professions Code § 17200.

2        40.     As a consequence of Wicked Fashions' actions, LS&CO. is entitled to injunctive relief

3    and an order that Wicked Fashions disgorge all profits on the manufacture, use, display or sale of

4    infringing goods.

5                    **PRAYER FOR JUDGMENT**

6        WHEREFORE, LS&CO. prays that this Court grant it the following relief:

7        41.     Adjudge that LS&CO.'s Arcuate and Tab Trademarks have been infringed by Wicked

8    Fashions in violation of LS&CO.'s rights under common law, 15 U.S.C. § 1114, and/or California law;

9        42.     Adjudge that Wicked Fashions has competed unfairly with LS&CO. in violation of

10    LS&CO.'s rights under common law, 15 U.S.C. § 1125(a), and/or California law;

11        43.     Adjudge that Wicked Fashions' activities are likely to, or have, diluted LS&CO.'s

12    famous Arcuate and Tab Trademarks in violation of LS&CO.'s rights under common law, 15 U.S.C. §

13    1125(c), and/or California law;

14        44.     Adjudge that Wicked Fashions and each of its agents, employees, attorneys, successors,

15    assigns, affiliates, and joint venturers and any person(s) in active concert or participation with it,

16    and/or any person(s) acting for, with, by, through or under them, be enjoined and restrained at first

17    during the pendency of this action and thereafter permanently from:

18            a.     Manufacturing, producing, sourcing, importing, selling, offering for sale,

19    distributing, advertising, designing, or promoting any goods that display any words or symbols that so

20    resemble LS&CO.'s Arcuate and Tab Trademarks as to be likely to cause confusion, mistake or

21    deception, on or in connection with any product that is not authorized by or for LS&CO., including

22    without limitation any product that bears the Southpole stitching, the Southpole tabs, or any other

23    confusingly similar approximation of LS&CO.'s Arcuate Trademark and Tab Trademark;

24            b.     Using any word, term, name, symbol, device or combination thereof that causes

25    or is likely to cause confusion, mistake or deception as to the affiliation or association of Wicked

26    Fashions or its goods with LS&CO. or as to the origin of Wicked Fashions' goods, or any false

27    designation of origin, false or misleading description or representation of fact;

28            c.     Further infringing the rights of LS&CO. in and to any of its trademarks in its

COMPLAINT                                     <u>Levi Strauss & Co. v. Wicked Fashions, Inc.,</u>
                                                          Case No. _____

1 | LEVI'S® brand products or otherwise damaging LS&CO.'s goodwill or business reputation;

2 |         d.      Otherwise competing unfairly with LS&CO. in any manner; and

3 |         e.      Continuing to perform in any manner whatsoever any of the other acts

4 | complained of in this Complaint;

5 |     45.     Adjudge that Wicked Fashions be required immediately to supply LS&CO.'s counsel

6 | with a complete list of individuals and entities from whom or which it purchased, and to whom or

7 | which it sold, offered for sale, distributed, advertised or promoted, infringing products as alleged in

8 | this Complaint;

9 |     46.     Adjudge that Wicked Fashions be required immediately to deliver to LS&CO.'s

10 | counsel Wicked Fashions' entire inventory of infringing products, including without limitation pants

11 | and any other clothing, packaging, labeling, advertising, and promotional material and all plates,

12 | molds, matrices and other material for producing or printing such items, which is in Wicked Fashions'

13 | possession or subject to its control and which infringe LS&CO.'s Arcuate and Tab Trademarks as

14 | alleged in this Complaint;

15 |     47.     Adjudge that Wicked Fashions, within thirty (30) days after service of the Judgment

16 | demanded herein, be required to file with this Court and serve upon LS&CO.'s counsel a written

17 | report under oath setting forth in detail the manner in which they have complied with the Judgment;

18 |     48.     Adjudge that LS&CO. recover from Wicked Fashions its actual damages and lost

19 | profits in an amount to be proven at trial, that Wicked Fashions be required to account for any profits

20 | that are attributable to its illegal acts, and that LS&CO. be awarded the greater of (1) three times

21 | Wicked Fashions' profits or (2) three times any damages sustained by LS&CO., under 15 U.S.C. §

22 | 1117, plus prejudgment interest;

23 |     49.     Impose a constructive trust on all Wicked Fashions' funds and assets that arise out of

24 | Wicked Fashions' infringing activities;

25 |     50.     Adjudge that Wicked Fashions be required to pay LS&CO. punitive damages for their

26 | oppression, fraud, malice and gross negligence, whether grounded on proof of actual damages

27 | incurred by LS&CO. or on proof of Wicked Fashions' unjust enrichment;

28 |     51.     Adjudge that LS&CO. be awarded its costs and disbursements incurred in connection

- 10 -

1 | with this action, including LS&CO.'s reasonable attorneys' fees and investigative expenses; and

2 |       52.     Adjudge that all such other relief be awarded to LS&CO. as this Court deems just and

3 | proper.

4 | DATED: January 26, 2006          Respectfully submitted,

By: _____
Holly Gaudreau
TOWNSEND AND TOWNSEND AND CREW LLP
Two Embarcadero Center, Eighth Floor
San Francisco, California 94111
Telephone: (415) 576-0200
Facsimile: (415) 576-0300

Attorneys for Plaintiff
LEVI STRAUSS & CO.

- 11 -

COMPLAINT

1

## DEMAND FOR JURY TRIAL

2     Plaintiff hereby demands that this action be tried to a jury.

3

4  DATED: January 26, 2006        Respectfully submitted,

5

6                      By: _____

7                         Holly Gaudreau
                            TOWNSEND AND TOWNSEND AND CREW LLP

8                            Two Embarcadero Center, Eighth Floor
                            San Francisco, California 94111

9                            Telephone: (415) 576-0200
                            Facsimile: (415) 576-0300

10                         Attorneys for Plaintiff
                            LEVI STRAUSS & CO.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 12 -

COMPLAINT                            Levi Strauss & Co. v. Wicked Fashions, Inc..
                                                               Case No. _____

1   **CERTIFICATION OF INTERESTED ENTITIES OR PERSONS**

2         Pursuant to Civil LR 3-16, the undersigned certifies that as of this date, there is no such

3   interest to report.

4

5   DATED:  January 26, 2006              Respectfully submitted,

6

7                                        By: _____
                                         Holly Gaudreau
8                                        TOWNSEND AND TOWNSEND AND CREW LLP
                                         Two Embarcadero Center, Eighth Floor
9                                        San Francisco, California  94111
                                         Telephone: (415) 576-0200
10                                       Facsimile: (415) 576-0300

11                                       Attorneys for Plaintiff
                                         LEVI STRAUSS & CO.
12

13  60649792 v1

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 13 -